1 **BARTHEL & BARTHEL, APC**          **LOKER LAW, APC**
2 Nicholas Barthel, Esq. (319105)          Matthew M. Loker, Esq. (279939)
  nick@barthelbarthel.com                    matt@loker.law
3 2173 Salk Ave., Ste. 250                   1303 East Grand Avenue, Suite 101
4 Carlsbad, CA 92008                         Arroyo Grande, CA 93420
  Telephone: (760) 259-0033                  Telephone: (805) 994-0177
5 Facsimile: (760) 536-9010                  Facsimile: (805) 994-0197
6
  *Attorney for Plaintiff*
7 *Eliseo Ledezma*
8
              **UNITED STATES DISTRICT COURT**
9             **SOUTHERN DISTRICT OF CALIFORNIA**
10

11 **ELISEO LEDEZMA,**                 Case No.: **'22CV1494 RBM DEB**
              Plaintiff
12                                      **COMPLAINT FOR DAMAGES**
              v.                        **FOR VIOLATIONS OF:**
13

14 **AAA CREDIT SERVICE**                  **A. ROSENTHAL FAIR DEBT**
   **COLLECTION AGENCY,**                     **COLLECTION**
15 **INC.**                                   **PRACTICES ACT;**
              Defendant
16                                         **B. FAIR DEBT**
                                             **COLLECTION**
17                                           **PRACTICES ACT;**
18
19                                         **C. CALIFORNIA IDENTITY**
                                             **THEFT ACT;**
20
21                                         **JURY TRIAL DEMANDED**
22
23
24
25
26
27
28 **CASE NO.:**                                        *Ledezma v. AAA Credit*

                          **COMPLAINT**

**INTRODUCTION**

1.     The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Congress determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the FDCPA, to eliminate abusive debt collection practices by debt collectors; to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged; and to promote consistent State action to protect consumers against debt collection abuses.

2.     The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.  The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices. Cal. Civ. Code §§ 1788.1 (a)-(b).

3.     In enacting the California's Identity Theft Act, Cal. Civ. Code §§1798.92 *et seq.* ("CITA"), the California Legislature found that the right to privacy was being threatened by the indiscriminate collection, maintenance, and dissemination of personal information. Accordingly, CITA was enacted to combat the lack of effective laws and legal remedies in place. To protect the privacy of individuals, it is necessary that the maintenance and dissemination of personal information be subject to strict limits. Cal. Civ. Code §1798.1(a), (c).

//

CASE NO.:                                          **1 OF 9**                                *Ledezma v. AAA Credit*
**COMPLAINT**

4.     Eliseo Ledezma ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of AAA CREDIT SERVICE COLLECTION AGENCY, INC. ("AAA Credit") with regard to AAA Credit's attempts to unlawfully and abusively collect a fraudulent debt from Plaintiff, inclusive of inaccurate credit reporting and this conduct caused Plaintiff damages.

5.     Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

6.     While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

7.     Unless otherwise stated, all the conduct engaged in by Defendant took place in California.

8.     Any violations by each Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

9.     Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant.

### JURISDICTION AND VENUE

10.    Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 due to federal causes of action under 15 U.S.C. § 1692, ; and, 28 U.S.C. § 1367 for supplemental state claims.

11.    This action arises out of Defendant's violations of  the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788, *et seq.* ("RFDCPA"); Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, et seq. ("FDCPA"); California Identity Theft Act, Cal. Civ. Code §§ 1798.82, et seq. ("CITA").

12.     Because Defendant conduct business within the State of California, personal jurisdiction is established.

13.     Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in this  judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendant conducted business within this judicial district at all times relevant.

## PARTIES

14.     Plaintiff is  a natural person who resides in Romona, California, from whom AAA Credit sought to collect a consumer debt that was alleged to be due and owing from Plaintiff.

15.     AAA Credit is a third party debt collector that operates out of Garden Grove, California.

## FACTUAL ALLEGATIONS

16.     Sometime in early 2019, Plaintiff went into the California Department of Motor Vehicles ("DMV") to obtain a new driver's license. When plaintiff had his fingerprint scanned, the DMV employee stated that Plaintiff was not Eliseo Ledezma.

17.     Plaintiff replied that he in fact was, and that there must be some mistake.

18.     The DMV employee showed Mr. Ledezma the computer screen, which had all of Mr. Ledezma's information, but the picture of another individual.

19.     Mr. Ledezma informed the DMV that he did not know who this other individual was and that he appears to have stolen Mr. Ledezma's identity.

20.     The DMV informed Mr. Ledezma that they would investigate the matter.

21.     On or about August 5, 2019, the DMV confirmed that another individual was in fact using Mr. Ledezma's name, birthday and driver's license number.

//

//

22.    On or about May 19, 2022, Plaintiff received a letter from AAA Credit's attorney Marc Wasserman ("Wasserman"), demanding that Plaintiff pay $2,713.54 for an account with So Cal Tow & Impound ("Fraudulent Debt").

23.    Wasserman warned that if this debt is not paid immediately, that a civil lawsuit will be filed against Plaintiff.

24.    Included with this letter was "Certification of Lien Sale" stating that So Cal Tow & Impound had towed and impounded a 1992 Coleman Camper trailer that it claimed belonged to Plaintiff.

25.    This trailer does not belong to Plaintiff and Plaintiff has never owned a 1992 Coleman Camper trailer, but instead was purchased by the individual using Mr. Ledezma's information.

26.    On May 25, 2022, Plaintiff sent a letter to AAA Credit and Wasserman explaining that he is the victim of identity theft and that the Fraudulent Debt did not belong to him.

27.    Plaintiff also enclosed a letter from the DMV Investigations Division stating that someone else is using Plaintiff's identity and proof that Plaintiff has filed an Identity Theft Report with the Federal Trade Commission on May 25, 2022.

28.    Plaintiff also requested that AAA Credit provide him with all information regarding the account.

29.    On or about May 27, 2022, AAA Credit sent letter that included the Certification of Lien Sale.

30.    In early August 2022, Plaintiff's wife called to make sure that AAA Credit had closed the account. Both Wasserman and AAA Credit informed Plaintiff's wife that the account was still open, and that Plaintiff still owed the Fraudulent Debt.

31.    To this day, Plaintiff has not received anything in writing releasing him from the Fraudulent Debt. Plaintiff is in fear that AAA Credit will file a lawsuit against him at any moment in an attempt to collect the Fraudulent Debt.

32.     The continued pursuit and refusal to dismiss the Fraudulent Debt despite knowing the fraudulent nature of debt shows that AAA Credit took action involving an unjustifiably high risk of harm that was either known or so obvious that it should have been known.

33.     Since Plaintiff's efforts to be absolved of the fraudulent debts were unsuccessful, Plaintiff was required to bring this action to finally resolve Plaintiff's remaining disputes.

**CAUSES OF ACTION CLAIMED BY PLAINTIFF**

**COUNT I**

**VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

**CAL. CIV. CODE §§ 1788-1788.32 (RFDCPA)**

**[AGAINST AAA Credit]**

34.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35.     This action arises out of a "debt" as that term is defined by Cal. Civ. Code § 1788.2(d) that was incurred as a result of a "consumer credit transaction" as defined by Cal. Civ. Code § 1788.2(e).

36.     AAA Credit in the ordinary course of business, regularly, on behalf of themselves or others, engages in "debt collection" as that term is defined by California Civil Code § 1788.2(b), and is therefore a "debt collector" as that term is defined by California Civil Code § 1788.2(c).

37.     The previously described acts and omissions constitute numerous and multiple violations of the RFDCPA.

38.     Specifically, through this conduct, AAA Credit violated 15 U.S.C. § 1692e by using false, deceptive, and misleading representations in connection with the collection of Plaintiff's alleged debt.  This section is incorporated into the RFDCPA

CASE NO.:                                    **5 OF 9**                          *Ledezma v. AAA Credit*
**COMPLAINT**

through Cal. Civ. Code § 1788.17; thus, AAA Credit violated Cal. Civ. Code § 1788.17.

39.    Through this conduct, AAA Credit violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, and legal status of the fraudulent debt in connection with the collection of the Fraudulent Debt from Plaintiff.  This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, AAA Credit violated Cal. Civ. Code § 1788.17.

40.    Through this conduct, AAA Credit violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means to collect the Fraudulent Debt from Plaintiff.  This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, AAA Credit violated Cal. Civ. Code § 1788.17.

41.    Through this conduct, AAA Credit violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect the Fraudulent Debt from Plaintiff.  This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, AAA Credit violated Cal. Civ. Code § 1788.17.

42.    Through this conduct, AAA Credit violated 15 U.S.C. § 1692f(1) by collecting an amount not expressly authorized by the agreement creating the debt or permitted by law.  This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, AAA Credit violated Cal. Civ. Code § 1788.17.

43.    As a result of each and every violation of the RFDCPA, Plaintiff  is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from AAA Credit.

//

//

//

## COUNT II

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 USC §§ 1692, ET SEQ (FDCPA)

## [AGAINST AAA Credit]

44.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

45.    As explained above, the foregoing acts and omissions constitute numerous and multiple violations of the FDCPA as detailed above.

46.    As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages; statutory damages in the amount up to $1,000.00; and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k from AAA Credit.

## COUNT III

## VIOLATIONS OF CALIFORNIA'S IDENTITY THEFT ACT

## CAL. CIV. CODE § 1798.92-1798.97

## [AGAINST AAA CREDIT]

47.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

48.    As detailed above, Plaintiff is a "Victim of Identity Theft" as that term is defined by Cal. Civ. Code § 1798.92(d).

49.    Due to AAA Credit's collection attempts, AAA Credit is a "claimant" as that term is defined by California Civil Code § 1798.92(a).

50.    The foregoing acts and omissions constitute numerous and multiple violations of the Cal. Civ. Code § 1798.93.

51.    As a result of each and every violation of Cal. Civ. Code § 1798.93, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1798.93(c)(5); a civil penalty in an amount up to $30,000.00 pursuant to Cal. Civ. Code § 1798.93(c)(6);

costs pursuant to Cal. Civ. Code § 1798.93(c)(5), attorney's fees and costs pursuant to Cal. Civ. Code § 1798.93(c)(5); and equitable relief pursuant to Cal. Civ. Code § 1798.93(c).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against each respective defendant for:

- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a);
- An award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c);
- An award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1);
- An award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);
- An award of actual damages pursuant to Cal. Civ. Code § 1798.93(c)(5);
- A civil penalty in an amount up to $30,000.00 pursuant to Cal. Civ. Code § 1798.93(c)(6);
- Attorneys' fees and costs pursuant to Cal. Civ. Code § 1798.93(c)(5),
- Any equitable relief pursuant to Cal. Civ. Code § 1798.93(c); and,
- Any and all other relief the Court deems just and proper.

//

//

//

**TRIAL BY JURY**

52.    Pursuant to the Constitution, Plaintiff is entitled to, and demands, a trial by jury.


Dated: 3 October 2022                                    Respectfully submitted,

                                                         **BARTHEL & BARTHEL, APC**


                                              By:    _/s/ Nicholas Barthel___
                                                     NICHOLAS R. BARTHEL, ESQ
                                                     ATTORNEY FOR PLAINTIFF


Dated: 3 October 2022                                    Respectfully submitted,

                                                         **LOKER LAW, APC**


                                              By:    _/s/ Matthew M. Loker___
                                                     MATTHEW LOKER, ESQ
                                                     ATTORNEY FOR PLAINTIFF